William A. ROBERTS, Individually and as Director and Stockholder of Capitol Insurance Underwriters, Inc., and Capitol Insurance Underwriters, Inc., Appellants,

v.

John D. MARSH et al., Appellees.

No. 16891.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 10, 1962.
Decided Feb. 14, 1963.

Mr. Edmund D. Campbell, Washingto, D. C., with whom Mr. Bradley G. McDonald and Miss Betty Jane Southard, Washington, D. C., were on the brief, for appellants.

Mr. James C. Toomey, Washington, D. C., for appellees.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and WRIGHT, Circuit Judges.

PER CURIAM.

Appellants' suit on a promissory note and for recision of an agreement to purchase the majority interest in an insurance business was dismissed by the District Court after a full trial on the merits. While we find that the action of the District Court concerning recision is supported by the evidence sufficiently to pass the "clearly erroneous" test, we cannot say the same about the claim on the promissory note. The note was for $10,000, payable to appellant, and provided that "[t]he amount of this note shall be reduced proportionately according to paragraph 3 of the Memorandum of Agreement * * *." [1] Thus the burden was on the appellees to show that the full amount of the note need not be paid.

It is true that paragraph 3 of the Memorandum Agreement provided expressly that the net worth of the business was to be determined by "the accounting statement as finally prepared by Mr. Sickles * * *." Note 1, supra. But the agreement also provided in paragraph 1 that "[t]he said [Sickles] statement will truly and correctly express all

accounts receiveable [sic] and all accounts billed or accrued and payable acknowledged by the corporation." Appellees made no effort to show that the Sickles statement "truly and correctly" expressed "all accounts receiveable and all accounts billed or accrued." In fact, Sickles was not called to testify in support of his statement in spite of the fact that he was sitting in the courtroom throughout the trial.[2] Appellant and his accountant did testify that the Sickles statement inaccurately reflected the position of the company. Since their testimony, however, does not demonstrate clearly the company's net worth on the day in question, we think the case should be remanded to the District Court for the purpose of taking evidence to determine whether the Sickles statement meets the above quoted requirements of paragraph 1 of the agreement.

So ordered.

---

1. Paragraph 3 provided that "if the accounting statement as finally prepared by Mr. Sickles * * * as of the close of business March 29, 1960, discloses a net worth less than $14,000, * * * the amount of such deficiency may be applied

to offset payments on the aforesaid note of $10,000 * * *."

2. Appellees did place Sickles on the witness stand, but, apparently as a tactical maneuver, withdrew him without testifying.